BAMBERGER CO. et al. v. CERTIFIED PRODUCTIONS, Inc., et al.

No. 5577.   Decided January 31, 1936.   (53 P. [2d] 1153.)

*A. H. Hougaard* and *B. P. Leverich,* both of Salt Lake City, for appellant.

*E. R. Callister, Chas. M. Morris, F. C. Loofbourow,* and *L. L. Robinson,* all of Salt Lake City, for respondents.

WOLFE, Justice.

In order that the reader may follow this opinion, we repeat in substance the questions presented and our holding in the original opinion. *Bamberger Co. et al.* v. *Certified Productions, Inc., et al.,* 88 U. 194, 48 P. (2d) 489. Plaintiffs brought the action for restitution of the premises on the ground that appellant had failed to perform two conditions of the lease. This formed the basis for the two causes of

214

action. Appellant answered setting up matter which purported to allege an oral modification of the original lease. The lower court struck the matter in answer to the two causes of action on the ground that there could be no oral modification of a written lease where such written lease itself was required by the statute of frauds to be in writing. We held that where there was an oral modification which required the lessee to do something in addition to or different from that which it was required to do under the original agreement and such lease as orally modified had been performed by the lessee, the defense of the statute of frauds was not invokable. Respondents have no complaint of our holding in that regard. The question on rehearing comes up on our construction of appellant's answer; i. e., as to whether it really alleges that the oral modification did require defendants to do something in addition to or different from that required by the original lease. We held that on a motion to strike, the matter sought to be stricken must be so construed as to give the pleader of such matter the benefit of every doubt or intendment; that if, within reason, it could by implication or directly be construed to show that the lessee had agreed to do something different or in addition to that which it had in the original lease agreed to do, and the allegations further showed that it had performed such changed agreement, the matter should not be stricken, as it would constitute a pleading sufficient in defense to withstand a motion to strike, although perhaps not a motion to make more certain. In determining whether such answer by implication set up enough to constitute a defense, we were compelled to resort to a discussion of certain possible meanings of the provisions of the lease. In doing this we concluded that such provisions, while apparently, from reading, stated the requirements of the lessee in terms of certainty, yet contained the probability that, when performance was actually attempted, they would show a latent ambiguity; that in order to determine whether the answer set up matter from which it could be implied that the parties

had by oral agreement fixed on some additional require-
ments for the lessee, the lease must be read in the light of
possible required changes revealed from attempting to put
it into effect. Such required changes in the lease, if any,
would be necessary if it was contemplated that the altera-
tions which appellant was under the lease required to make
were of a certain type or extent to make the building suit-
able for theater purposes. The respondents contend that
we were in error in holding that there was a possible latent
ambiguity in the lease which, when performance of its pro-
visions was actually attempted, would be revealed and
which, if so, would permit an implication to be taken from
the matter contained in the answer that would show a change
in position and consequently make such matter retainable
in the pleading against a motion to strike.

It was to examine our former holding in these regards
that we granted a rehearing. We believe it would serve no
good purpose to re-reason the matters set out in the former
opinion. While we did not quote all of the provisions of the
lease which bear on the question of whether there was a
possible ambiguity, we adverted to, considered, and com-
mented upon them. Counsel in his brief on rehearing states
that we did not quote subsection (1) of the third paragraph
of the lease which bears on the question. We both quoted
it in part and discussed it in the opinion. A re-examination
of the matter contained in the "further" answer to the first
cause of action, in the light of possible latent ambiguities
in the lease (we find that such ambiguities are quite possible
in attempting to apply the provisions of the lease to per-
formance), shows that there are implications which would
constitute a defense in that such implications show a per-
formed oral modification of the lease.

Suppose, for instance, that because of some ordinance re-
quiring certain floor supports or for some other reason the
particular building could not be "altered" or "remodeled"
to make it suitable for a theater building, but that it would
require a fundamental rebuilding. Can it be said that the

very attempt at performance would not reveal that a mere "alteration" and "remodeling" was impossible to make it such suitable theater building as the lease required and that it could not be shown from evidence that by the terms "alteration" and "remodeling" it was not "contemplated" that there should be a substantial rebuilding, or putting it affirmatively, that it could not be shown what the parties "contemplated" in the nature of reconstruction by such terms as "alteration" and "remodeling" to make it suitable for a theater building? By evidence it could be shown that it was not intended to invest the terms "alteration" or "remodeling" with such a meaning as would comprehend a substantial rebuilding of the whole structure. Certainly, as stated in the original opinion, the requirement to "alter" or "remodel" to make the building suitable for motion pictures, talkies, and lawful screen reproductions, etc., is not so certain in its content of meaning as to exclude all possibility of its revealing uncertainties when attempt was made to apply it to performance and so as to admit evidence of what "alterations" were "contemplated" by the parties. Had drawings and specifications been attached to the lease (which included a building contract), it would have been definite as to what the parties contemplated.

Respondents contend that the phrase in the answer reading, "contemplated by the defendant," means that the defendant alone contemplated certain alterations and that what defendant contemplated cannot be the measuring rod of its responsibilities. This may be admitted, but ■ when the entire matter of the answer to the first cause of action is considered, we think it a fair conclusion that defendant intended the answer to allege a mutual contemplation. Of course, in any mutual contemplation the defendant as well as the plaintiff must have contemplated.

When we examine the matter contained in the further answer to the second cause of action we have more difficulty. The matter of said answer is set out in the original opinion. We shall not repeat it here. The lease specified that the

lessee should furnish a bond required by chapter 3, title 62 (section 3759 et seq.), Comp. Laws Utah 1917, for the protection of the lessor. This chapter requires a bond *from the contractor to the builder* to protect him against liens. In this case the statute would demand a bond from the contractor to the lessee to protect lessee and lessor against mechanics' liens. Why the lessor should ever consent to a modification in which it was agreed that the lessee should "furnish a surety bond to the contractor for the faithful performance of his duty" (quoted matter from the answer) is difficult to comprehend, but the answer says that is what the lessor agreed should be done and that is what the lessee did. The answer states that lessee "furnished a bond of the Pacific Indemnity Company in the sum of $8,000.00 *to protect the contractor* and the defendant from any liens," etc. (Italics supplied.) The answer being such, we must, for purposes of testing the motion to strike, assume it to be true, The evidence would reveal whether such modification was ever made, or, if made, whether it had been performed. But the answer, being as it is, shows a material change in the requirements of the lease which defendant says it performed. If so, after it performed them, it would constitute an inequity to permit the lessor to terminate the lease on the ground that the provisions of the lease as originally drawn had not been performed.

The second part of this answer states that the defendants at the request of the plaintiffs had the time during which the bond would protect against liens extended. Since the lease provided that no liens should be filed but provided in addition for a bond in case they should be filed, it is difficult to see how the lessor's request that lessee keep it protected from something which the lease said, in any event, was not to happen, can change the position of the defendant lessee. But it appears to be tantamount to alleging knowledge on the part of the lessor that liens had been or would be filed and that instead of their terminating the lease it rested satisfied with the bond protection. This may have

been a waiver of its right to declare a termination of the lease for permitting those liens (which the extension of the bond time was for the purpose of protecting against) to be filed against the premises. If there was any such waiver, it would be a good defense and an answer from which it might be implied should not be stricken.

Ordinarily the remedy for uncertainty or unintelligibility in a pleading lies in a special demurrer which is equivalent to a motion to make more certain, and not in a motion to strike. A motion to strike lies when the matter, even if cleared up, would not be relevant to the cause of action or defense. In certain cases a pleading may be so far unintelligent as not even to permit of knowing whether it could ever constitute a cause of action or defense. It may not have enough sense to it to give any one a clue to what the pleader intends. In such case a motion to strike as redundant and immaterial may be proper. We cannot say that this further answer to the second cause of action lies in that category. Its incomprehensibility lies, not so much in the meaning of its language, as the astonishment which greets one who read it that such modification should ever have been made. But pleadings which raise a powerful supposition of the improbability of their allegations do not, in themselves, necessarily constitute matter which can be stricken.

The original opinion and the decision contained therein is adhered to. Such is the order.

ELIAS HANSEN, C. J., and FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.